UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

CASE NO.:

IN THE MATTER OF JAMES GANG
CHARTERS, LLC AS OWNER AND
JESSE MAYER AS PURPORTED OWNER/ OWNER
*PRO HAC VICE* OF THE 2017 37' FREEMAN
VESSEL BEARING HULL IDENTIFICATION
NUMBER IGG37047E717, FOR EXONERATION
FROM OR LIMITATION
OF LIABILITY,

    **Petitioners.**
_____/

**COMPLAINT**
**FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

    Petitioners, JAMES GANG CHARTERS, LLC and JESSE MAYER, in action for exoneration from or limitation of liability, civil and maritime, alleges:

    1.    This is an action within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C §§ 1333, 46 U.S.C. Appx. §§30501-30512 *et seq.*, and pursuant to Supp. Adm. Rule F, and Fed.R.Civ.P. 9(h) as set forth more fully below.

    2.    At all times hereafter mentioned, Petitioner, JAMES GANG CHARTERS, LLC (hereafter, "JGC"), was, and is, a limited liability company organized and existing pursuant to the laws of the State of Florida.

    3.    At all times hereafter mentioned, Petitioner, JESSE MAYER (hereafter, "MAYER") was, and is, a Florida citizen and resident.

4. JGC is the documented owner, and MAYER is the purported/owner *pro hac vice*, of a 2017 37' Freeman vessel bearing hull identification number IGG37047E717 (hereafter "vessel").

5. At all times material hereto, the vessel was in all respects tight, strong, staunch, properly manned, equipped, and supplied, was in all respects seaworthy and fit for the service in which she was engaged.

6. On August 30, 2019, the vessel was on a pleasure voyage upon navigable waters of the United States that began and ended in, Pinellas County, Florida. No freight was pending for the voyage. On that date, it is claimed that the vessel struck and killed Robert Krysztofowicz. Mark Nowak also claims to have suffered emotional distress from the claimed incident. This incident is claimed to have occurred on the waters near the Tom Stuart Causeway, in Pinellas County, Florida. This incident, if proven, had the potential to disrupt maritime commerce.

7. Immediately after the alleged incident of August 30, 2019, and/or at the time of termination of the voyage, the Vessel has an agreed insured value of US $575,000.00. The vessel is owned by Petitioners with no known liens. The vessel did not embark on any voyages after the subject incident except for its impoundment by law enforcement.

8. The August 30, 2019 incident was not caused or contributed to by any fault, neglect, or lack of care on the part of Petitioners, the vessel or other person for whom Petitioners were, or is, responsible. As such, Petitioners claim they are to be exonerated from liability for all claims, damages, and destruction done, occasioned, or incurred by any reason of the matters aforesaid we regard to the alleged incident.

9. In the alternative, and without admitting liability, in the event they, the vessel, or any person for whom they may be found at fault and liable to any parties, including Robert Krysztofowicz, his estate and Mark Nowak, by reason of the matters aforesaid, Petitioners claim the benefit of the limitation of liability as provided in 46 U.S.C. §§30504-30512 and all laws supplementary thereto and amendatory thereof as such negligence or condition of the vessel upon which fault was determined was not within the Petitioners' privity or knowledge.

10. On February 12, 2020, Mark Nowak, through legal counsel, provided Petitioners written notice of a claim for emotional distress concerning the alleged incident. On August 10, 2020, Mr. Nowak, again through legal counsel, provided Petitioners with a written demand which exceeded the value of the Vessel.

11. Petitioners will file security in appropriate form equal to that of Petitioners' interest in the vessel immediately after the incident and/or at close of the voyage, together with interest at the rate of 6% per annum, from the date of the alleged incident, and for costs or transfer their interest in the Vessel to a Court appointed trustee for the benefit of the claimants.

WHEREFORE, Petitioners pray:

A. This Honorable Court enters an Order approving the security filed by Petitioners equaling Petitioners' interest in the vessel immediately after the incident and/or at the end of its scheduled voyage as described above or such other amount that may be lawfully ordered by the Court, with interest as provided by law or appoint a trustee to accept Petitioners' interest in the Vessel.

B. That upon filing of the security or transfer of interest in the vessel, the Court enter an order directing issuance of a notice to all persons, firms, and corporations claiming

damage for any and all losses, damages, destructions, deaths, or injuries, resulting from the alleged incident of August 30, 2019, admonishing each of them to file their claim with the Clerk of this Court and serve copies of said claims on the attorney for Petitioners on or before the date fixed by the Court in the notice or be forever barred or permanently enjoined from making or filing any such claims, to make due proof of their respective claims before this Court, and to appear and answer the allegations of this Complaint according to the law and rules and practices of this Court on or before a certain time to be fixed by the notice.

C. That upon filing security or transfer of interest in the Vessel, the Court enter an Order staying prosecution of all suits and proceedings against Petitioners, to recover damages allegedly arising out of or resulting from the alleged incident of August 30, 2019, described above, and from this time forward restraining commencement of any suit, action, or legal proceeding of any claim arising out of the incident or voyage described above.

D. That the Court enter judgment that Petitioners and the vessel are not liable for any losses, damages, deaths, injuries, destruction, or any other claim whatsoever arising out of the incident of August 30, 2019, or out of the voyage described herein and that accordingly Petitioners be exonerated from any and all liability which has been or may be claimed against them as a result of this voyage and incident; in the alternative, if such liability is found to exist, that Petitioners' liability be limited to the amount of the value of Petitioners' interest in the vessel and pending freight immediately after the above-mentioned incident of August 30, 2019; and that the money or security paid be divided pro rata among such Claimants as may duly prove their claims before this Court, saving to all parties any priorities they may be legally entitled to; and that a judgment and decree be entered discharging Petitioners and the vessel of

and from all further liability and forever enjoining and prohibiting filing and prosecution of any claims against Petitioners or their property in consequence of or in connection with the matters and happening referred to in this Complaint.

E.  That Petitioners have such other and further relief, both equitable and general, to which it may show that it is justly entitled to receive.

**Dated: Auguest 10, 2020**

*s/ Richard D. Rusak*_____
William E. Crabill, Esq.
Fla. Bar No. 84743
E-Mail william.crabill@csklegal.com
Richard D. Rusak, Esq.
E-mail: richard.rusak@csklegal.com
Fla. Bar No. 614181
Attorney for Petitioners
Cole, Scott & Kissane, P.A.
9150 South Dadeland Boulevard
14th Floor
Miami, Florida 33156
Tel.: (305) 350-5300