UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In the Matter of the Complaint of

JAMES GANG CHARTERS, LLC as
Owner and JESSE MAYER, a Purported
Owner/Owner *Pro Hac Vice* of the 2017
37' Freeman Vessel Bearing Hull
Identification Number IGG3704E717,
For Exoneration from or Limitation of
Liability,

        Petitioners.

Case No: 8:20-cv-1859-CEH-JSS

_____/

## **O R D E R**

This matter comes before the Court on the Petitioners' Motion to Stay Pending the Conclusion of Criminal Proceedings (Doc. 43), filed on March 11, 2021. Claimants, Britney Kelling, Mark Nowak, and Kathleen Krysztofowicz, filed responses in opposition. Docs. 44, 45, 46. In the motion, Petitioners, James Gang Charters, LLC ("JGC") and Jesse Mayer ("Mayer"), request this Court stay these admiralty civil proceedings until the conclusion of the criminal proceedings brought by the State of Florida against Mayer. The Court, having considered the motion and being fully advised in the premises, will grant Petitioners' Motion to Stay Pending the Conclusion of Criminal Proceedings.

## DISCUSSION

This admiralty limited liability action arises out of the alleged striking and killing of Robert J. Krysztofowicz, Jr. ("Krysztofowicz") by Mayer. Doc. 1. On August 30, 2019, JGC was the record owner of the *James Gang*, a 2017 37' Freeman motor vessel bearing hull identification number IGG3704E717 (the "vessel"). Mayer is the alleged owner/owner *pro hac vice* of the vessel. On that date, the vessel was allegedly being operated by Mayer on a pleasure voyage upon the navigable waters of the United States in Pinellas County, Florida. The vessel struck and killed Krysztofowicz who was operating a jet ski. The State of Florida charged Mayer with BUI ("boating under the influence") manslaughter, a second degree felony. Doc. 43-1.

Petitioners initiated this action to perfect their rights under the Shipowners' Limitation of Liability Act, 46 U.S.C. § 30501, *et seq*. In relevant part, section 30508 sets time limitations for a vessel owner to give notice and bring a limitation of liability claim:

> (b) Minimum time limits.--The owner, master, manager, or agent of a vessel transporting passengers or property between ports in the United States, or between a port in the United States and a port in a foreign country, may not limit by regulation, contract, or otherwise the period for--
> (1) giving notice of, or filing a claim for, personal injury or death to less than 6 months after the date of the injury or death; or
> (2) bringing a civil action for personal injury or death to less than one year after the date of the injury or death.

46 U.S.C. § 30508(b). Petitioners received notice of a claim on February 12, 2020, from claimant Mark Nowak ("Nowak"), which necessitated Petitioners initiating these proceedings in order to perfect their rights in admiralty. It also explains why they could not wait until the conclusion of the criminal proceedings to bring suit.

Other claimants have come forward and asserted claims against Petitioners. The personal representative of the Krysztofowicz estate has asserted a claim, alleging Mayer operated the vessel in a reckless manner while under the influence of alcohol in violation of Fla Stat. § 327.35 and struck and killed Krysztofowicz. Doc. 19. Nowak, Krysztofowicz's long-time friend who was with him at the time of the incident, has asserted a claim alleging he suffered emotional distress due to witnessing the tragic death of his friend. Doc. 20. Brittney Kelling, individually and as mother and guardian of her minor daughter C.L.M. (who was a guest passenger on the *James Gang* on the date of the incident and is also the daughter of Mayer), brought a claim arising out of the personal and emotional injuries suffered by C.L.M. Doc. 32.

Mayer has pleaded not guilty to the criminal charges. A trial date in the criminal matter has not yet been set due to COVID-19. According to Petitioners, Mayer does not intend to testify at his criminal trial and was advised by counsel to invoke his Fifth Amendment rights as to any questioning in this civil action. Doc. 43 at 3. Because Mayer was the sole person at the helm on the date of the incident, if he invokes his Fifth Amendment privilege, he claims he will be unable to defend himself in the instant action. Thus, Petitioners request the Court stay these proceedings until the conclusion of the criminal proceedings.

Claimants have responded in opposition. Claimants argue the motion should be denied because Mayer seeks to improperly use the privilege against self-incrimination as both a sword and a shield and that stay of this civil action is unwarranted. Claimants argue that the Fifth Amendment is only violated where Mayer would be forced to choose between waiving his privilege against self-incrimination or losing the civil case on summary judgment. Because issues of negligence are involved, which rarely are granted on summary judgment, Claimants contend that no constitutional deprivation would occur.

Claimants further suggest there is no need to delay discovery in this case because they do not need Mayer's testimony to meet their initial burden of proof because the other passengers aboard the vessel at the time of the collision along with surveillance cameras and other available video recordings will enable Claimants to establish the cause of the loss. In so doing, however, Claimants argue that Mayer will not be deprived of his constitutional rights because nothing in the current record demonstrates Mayer would be subject to summary disposition in this limitation of liability action at this early stage of the proceedings and Mayer fails to point to any special circumstances warranting a stay here.

"[T]he fifth amendment privilege against self-incrimination permits a person 'not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.'" *Erwin v. Price*, 778 F.2d 668, 669 (11th Cir. 1985) (quoting *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973)). Claimants are correct, however, that a "blanket

assertion" of the Fifth Amendment privilege against self-incrimination is not a sole basis to support the issuance of a stay. *See United States v. Lot 5, Fox Grove, Alachua Cty., Fla.*, 23 F.3d 359, 364 (11th Cir. 1994); *see also S.E.C. v. Wright*, 261 F. App'x 259, 262–63 (11th Cir. 2008). And a stay should be imposed when "special circumstances so require in the interest of justice." *Lot 5, Fox Grove*, 23 F.3d at 364 (internal quotation marks and citation omitted).

Although the Constitution does not require a stay of these civil proceedings pending the outcome of the related criminal matter, the Court, in exercising its discretion, finds that a stay is warranted in the interests of judicial efficiency and economy. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) (finding a district court has "broad discretion to stay proceedings as an incident to its power to control its own docket"). Due to the considerable overlap in the issues involved in the criminal and civil matter, as they both involve the death of Krysztofowicz, and the inevitable delay in the progress of discovery in this civil case due to Mayer's invocation of his Fifth Amendment privilege, the Court concludes a stay is appropriate in these circumstances. Accordingly, it is

**ORDERED**:

1. Petitioners' Motion to Stay Pending the Conclusion of Criminal Proceedings (Doc. 43) is **GRANTED**.

2. The Clerk is directed to terminate any pending deadlines and motions and administratively close this case.

3. Petitioners are directed to file a status report on or before September 10, 2021 and every four months thereafter, until the conclusion of the criminal proceedings.

4. For good cause, any party may move to re-open this case at any time.

**DONE AND ORDERED** in Tampa, Florida on May 10, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any