**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN THE MATTER OF JAMES
GANG CHARTERS, LLC AS
OWNER AND JESSE MAYER
AS PURPORTED OWNER/
v.OWNER PRO HAC VICE OF          Case No.:   8:20-cv-1859-CEH-AAS
THE 2017 37' FREEMAN
VESSEL BEARING HULL
IDENTIFICATION NUMBER
IGG37047E717, FOR
EXONERATION FROM OR
LIMITATION OF LIABILITY,

      Petitioners,

_____/

## REPORT AND RECOMMENDATION

Petitioners James Gang Charters, LLC and Jesse Mayer (collectively,
Petitioners) move for an order allowing the 2017, 37' Freeman Vessel (the
Vessel) to be sold by 26 North Yachts, with the proceeds to be deposited into
the court's registry. (Doc. 78). Claimants Kathleen Krysztofowicz, Britney
Kelling, and Mark Nowak oppose the sale of the Vessel (collectively,
Claimants). (Docs. 80, 82, 83).

## I.    BACKGROUND

This case concerns the 2017 37' Freeman vessel, bearing hull
identification number: IGG37047E717. Petitioners brought their Complaint

1

for Exoneration From or Limitation of Liability. (Doc. 1). This proceeding stems from the death of Robert J. Krysztofowicz, Jr., who was run over by the Vessel, causing catastrophic injuries and death.

Under Supplemental Rule F(1)(b), Petitioners requested to transfer their interest in the Vessel to a trustee. The court granted the Petitioners' Motion for Entry of Order Appointing Trustee, Restraining Prosecution of Claims, and Directing Issuance of Notice to Claimants. (Doc. 8). Petitioners filed their Certificate of Compliance certifying that the title of the Vessel had been transferred to Trustee Kevin McLaughlin, Esq. (Doc. 12).

Petitioners now contend that the vessel has been stored outside, uncovered, with engines not started or maintained, and that the fund is diminishing as deterioration continues. (Doc. 78). Petitioners report an offer to purchase the vessel for a net of $300,000 and request authorization for 26 North Yachts to market the vessel for 30 days and then accept that offer if no higher offer materializes. (*Id.*). In response, Claimants argue that the proposed sale would depress the limitation fund and have provided an independent survey estimating the Vessel's fair market value at $388,000. (*See* Docs. 80, 81).

2

## II.    LEGAL STANDARD

Rule E(9)(a) of the Supplemental Rule for Admiralty or Maritime Claims

and Asset Forfeiture Actions provides:

> (i) On application of a party, the marshal, or other person having custody of the property, the court may order all or part of the property sold—with the sales proceeds, or as much of them as will satisfy the judgment, paid into court to await further orders of the court—if:
>
> > (A) the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action;
> >
> > (B) the expense of keeping the property is excessive or disproportionate; or
> >
> > (C) there is an unreasonable delay in securing release of the property.

Fed. Supp. R. E(9)(a)(i).

Given the language of Supplemental Rule E(9)(a)(i), a party moving for

a vessel's sale "need only demonstrate that one of [the Rule's] conditions is

present to justify an interlocutory sale of a vessel." *20th Century Fox Film*

*Corp. v. M.V. Ship Agencies*, 992 F. Supp. 1434, 1437 (M.D. Fla. 1997).

"Because Supplemental Rule E(9) provides for interlocutory sales, it does not

require, or even mention, the resolution of the merits of any particular claim;

instead, the Rule focuses entirely on avoiding the recognized complications

associated with maintaining a vessel under arrest." *Regions Bank v. Motor Yacht ROYAL INDULGENCE*, No. 3:10cv100/LAC/EMT, 2010 WL 4595792, at *3 (N.D. Fla. Oct. 13, 2010) (internal quotation marks omitted), report and recommendation adopted, No. 310-cv-100/LAC/EMT, 2010 WL 4595729 (N.D. Fla. Nov. 4, 2010).

All sales of property must be made "by the marshal or a deputy marshal, or by other person or organization having the warrant, or by any other person assigned by the court where the marshal or other person or organization having the warrant is a party in interest." Fed. Supp. R. E(9)(b). The proceeds of such sale must be paid forthwith into the court's registry to be disposed of according to law. *Id.*

## III.   ANALYSIS

Petitioner's basis for ordering the sale of a vessel under Supplemental Rule E(9)(a)(i) is that it is "perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action." Fed. Supp. R. E(9)(a)(i)(A). An analysis of cases in the Eleventh Circuit and elsewhere demonstrates that courts require the moving party to offer evidence that the subject vessel is liable to deterioration, decay, or injury, rather than allowing the moving party to rely on generalized statements regarding such conditions

to support an interlocutory sale. *See, e.g., Seacor Marine LLC v. FPC Sea Striker*, No. 8:14-cv-114-T-27TBM, 2014 WL 5018888, at *3 (M.D. Fla. Oct. 7, 2014) (recognizing that the claimants had offered no evidence of deterioration, aside from their general assertion that the non-use of the vessel rendered it susceptible to deterioration and depreciation in value); *Merch. Nat'l Bank of Mobile v. Dredge Gen. G.L. Gillespie*, 663 F.2d 1338, 1342 (5th Cir. 1981) (holding the district court's assessment that the vessels were liable to deterioration was not clearly erroneous where the district court made "detailed findings" and received expert testimony); *Cal. Yacht Marina – Chula Vista, LLC v. S/V OPILY*, No. 14-cv-01215-BAS (BGS), at *3 (S.D. Cal. Mar. 16, 2015) (holding that the vessel was liable to deterioration where the plaintiff's expert addressed the implication of costly overhaul and the deterioration of the vessel's condition and value while under arrest).

Courts consider diminution in value as a factor when evaluating liability for deterioration, decay, or injury. *See, e.g., Jaffe v. M/S BREAKING WIND*, No. 17-60108-CIV-ZLOCH/HUNT, 2017 WL 7731867, at *6 (S.D. Fla. June 13, 2017) (finding the defendant-vessel was liable to deterioration, decay, or injury because, among other reasons, there was testimony at a hearing that the vessel was a "depreciating asset" and contrary evidence was not presented), *report*

5

*and recommendation adopted*, 17-60108-CIV, 2017 WL 7732306 (S.D. Fla. June 28, 2017); *Shelter Cove Marina, Ltd. v. M/Y ISABELLA*, No. 3:17-cv-01578-GPC-BLM, 2017 WL 5906673, at \*2 (S.D. Cal. Nov. 30, 2017) (finding a professional yacht broker's analysis, including his statement that the vessel should be sold as soon as possible to preserve its value, to be credible).

Other than the general statement that the Vessel is "exposed to deteriorating effects of elements," Petitioners fail to provide any evidence that the Vessel is liable to deterioration, decay, or injury. Therefore, Petitioners' request for an interlocutory sale under Supplemental Rule E(9)(a)(i)(A) is due to be denied.

## IV.   CONCLUSION

Accordingly, it is **RECOMMENDED** that Petitioner's motion for order of sale of the Vessel (Doc. 78) be **DENIED without prejudice**.

**ENTERED** in Tampa, Florida, on May 1, 2026.

_Amanda Arnold Sansone_

AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of

this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.