UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

JAMES GANG CHARTERS, LLC, AS OWNER AND JESSE MAYER AS PURPORTED OWNER/OWNER PRO HAC VICE OF THE 2017 37' FREEMAN VESSEL BEARING HULL IDENTIFICATION NUMBER IGG3704E717, FOR EXONERATION FROM OR LIMITATION OF LIABILITY; AND JESSE MAYER,

Petitioners,

_________________________________/

Case No.: 8:20-cv-01859-CEH-AAS

# ORDER

This matter comes before the Court on the Petitioners James Gang Charters, LLC and Jesse Mayer's Motion to Stay Civil Proceedings Pending Resolution of Rule 3.850 Motion for Postconviction Relief, or in the alternative, to Extend the Discovery Deadline, or in the alternative, to Sequence Jesse Mayer's Deposition at the Close of Discovery (Doc. 87), filed on July 10, 2026. In the motion, Petitioners request a stay of these civil proceedings because of Jesse Mayer's criminal postconviction motion under Fla. R. Crim P. 3.850 that is pending in state court. Alternatively, Petitioners request the Court to extend the discovery deadline or sequence Mayer's deposition at the close of discovery. The motion reflects the parties do not agree on the relief requested except to the extent that Claimants Brittney Kelling and Mark Nowak do

not oppose sequencing Mayer's deposition at the end of the discovery period. No response to the motion has been filed, and thus the motion is deemed unopposed. *See* M.D. Fla. Local Rule 3.01(d). The Court having considered the motion and being fully advised in the premises will grant the motion, in part, to the extent that the parties shall sequence discovery so that Mayer's deposition is taken toward the end of the discovery period.

**DISCUSSION**

This admiralty limited liability action arises out of the alleged striking and killing of Robert J. Krysztofowicz, Jr. ("Krysztofowicz") by Mayer. Doc. 1. On August 30, 2019, James Gang Charters LLC ("JGC") was the record owner of the James Gang, a 2017 37' Freeman motor vessel bearing hull identification number IGG3704E717 (the "vessel"). Mayer is the alleged owner/owner pro hac vice of the vessel. On that date, the vessel was allegedly being operated by Mayer on a pleasure voyage upon the navigable waters of the United States in Pinellas County, Florida. The vessel struck and killed Krysztofowicz who was operating a jet ski. Kathleen Krysztofowicz, spouse of Krysztofowicz, asserted a claim against Petitioners on behalf of herself and the Estate of Krysztofowicz. Doc. 19. Brittney Kelling asserted a claim, on behalf of herself and her minor child[1] who was a passenger on the vessel and who suffered traumatic emotional injuries as a result of observing the badly mutilated body of Krysztofowicz. Doc. 16. Claimant Mark Nowak, life-long friend and business

[1] Mayer is alleged to be the father of the minor.

partner of Krysztofowicz, was riding on a jet ski alongside Krysztofowicz on the date of the incident. Nowak's jet ski was almost struck by the vessel, and he observed his friend Krysztofowicz being run over by the vessel. Nowak asserted a claim against Petitioners. Doc. 20.

This action was initially filed six years ago in August 2020. Doc. 1. In May 2021, the Court granted Petitioners' motion to stay the case pending conclusion of Mayer's criminal proceedings. Doc. 47. This action remained administratively closed until November 2025, at which time the case was re-opened based upon the representation that Mayer's state court criminal proceedings, including through appeal, had concluded. Doc. 73. On December 11, 2025, the Court issued an Amended Case Management Report setting a discovery deadline of December 7, 2026. Doc. 75.

Now before the Court is Petitioners' motion to stay discovery due to Mayer's pending postconviction proceedings. Doc. 87. Petitioners contend that Mayer's pending Rule 3.850 motion directly challenges his conviction and creates a realistic possibility that it will be vacated and a new trial ordered. Given the state court 3.850 postconviction criminal proceedings, Mayer argues he will be placed in a constitutionally untenable position if he is required to provide deposition testimony in this action. Specifically, if he invokes his Fifth Amendment privilege here to avoid his sworn testimony being used against him in a criminal retrial, he faces the inability to provide a meaningful defense in the civil action. Petitioners urge that a temporary stay avoids this inequitable result and promotes judicial economy.

Courts have broad discretion in managing their own dockets. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Such discretion includes the decision to stay discovery. "In determining whether to stay a civil case, the court may consider a variety of factors, including the extent to which the defendant's Fifth Amendment rights are implicated, the interest of the plaintiff in proceeding expeditiously with this litigation and the potential prejudice to the plaintiffs from delay, the burden any particular aspect of the proceedings may impose on the defendant, the efficient use of judicial resources, the interests of persons not parties to the civil litigation and the interest of the public in the pending civil and criminal litigation." *S.E.C. v. Healthsouth Corp.*, 261 F. Supp. 2d 1298, 1326 (N.D. Ala. 2003) (citing *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324–325 (9th Cir. 1995)).

Considering the above factors, to the extent that Petitioners seek to halt discovery altogether, the request is denied. Petitioners' motion fails to identify why a stay of all discovery is warranted. As it relates to the request to extend the discovery deadline, the request is premature. There are still three and one-half months before the discovery deadline. However, the Court will grant the motion to the extent that the parties shall sequence discovery such that Mayer's deposition is taken at the end of the discovery period.

Accordingly, it is hereby

**ORDERED**:

1. Petitioners' Motion to Stay Civil Proceedings Pending Resolution of Rule 3.850 Motion for Postconviction Relief, or in the alternative, to Extend the

Discovery Deadline, or in the alternative, to Sequence Jesse Mayer's Deposition at the Close of Discovery (Doc. 87) is **granted**, in part, to the extent that Jesse Mayer's deposition shall be taken at the end of the discovery period. In all other respects, the motion is **denied without prejudice**.

**DONE AND ORDERED** in Tampa, Florida on August 24, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any